IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PHILLIP STALLINGS,              )
                                )
          Plaintiff,            )
                                )
     v.                         )    1:21CV259
                                )
MS. JONES, et al.,              )
                                )
          Defendant(s).         )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Philip Stallings, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names four employees at the Durham County Jail as Defendants in this action.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with'

a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

The Complaint attempts set out claims against Defendants based on a medical quarantine imposed on Plaintiff due to the Covid-19 pandemic. The Complaint and the Complaint in case 1:21CV69, which the current Complaint also references, allege that, on September 14, 2020, Plaintiff was confined as a pretrial detainee in the Durham County Jail. Officials in the Jail began testing all inmates for Covid-19. Plaintiff had been previously tested and, when he arrived for testing on the day in question, he asked whether his previous test

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

2

was negative. Informed that it was, he then asked if he had been exposed to the virus. After being told he had not, and knowing that he had not traveled, he decided that he did not need to be tested again. He also became frustrated with a broken face mask. Plaintiff threw the mask away, went back to his cell untested, and refused to sign a waiver. Jail officials originally placed Plaintiff on disciplinary lockback for throwing his mask away. However, when he showed them that he had another mask, they dropped the charge. Nevertheless, based on Plaintiff's refusal to be tested, he remained on medical lockback for 14 days. During that time, he was confined to his cell without an exercise period for six days and then allowed out for 25 minutes every other day. Plaintiff agreed to be tested if he could come off of lockdown, but authorities did not come to offer him a further opportunity to be tested. The Complaints also allege that, during the 14-day lockdown period, Plaintiff was denied hot water to make noodles, clippers, and a fresh blanket even though his existing blanket allegedly developed some mildew. Finally, the Complaints allege that Plaintiff developed mental issues that led him to speak to mental health staff. He received new medication and increases in existing medications.

> Primarily, the Plaintiff raises a claim based on his conditions of confinement. Courts evaluate pretrial detainees' conditions of confinement in state custody under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). "The due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). In that regard, "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process

3

Clause. DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 200 (1989).

Durand v. Charles, No. 1:16CV86, 2016 WL 7495811, at *3 (M.D.N.C. Dec. 30, 2016) (unpublished) (emphasis deleted), rec. adopted, 2017 WL 389108 (M.D.N.C. Jan. 26, 2017) (unpublished).

Certainly, the imposition of the quarantine itself did not violate Plaintiff's constitutional rights. In fact, other courts have approved such quarantines in response to the Covid-19 pandemic. See, e.g., Wilson v. Williams, 961 F.3d 829 (6th Cir. 2020) (finding that a response by prison authorities including the quarantining of new inmates rendered plaintiffs' claims unlikely to succeed on their merits); Valentine v. Collier, 956 F.3d 797 (5th Cir. 2020) (same). Further, Plaintiff could have avoided the quarantine, but chose not to by refusing to be tested, leaving the testing area, and refusing to sign a waiver. He did allegedly later change his mind and agree to be tested. However, there was no constitutional requirement that authorities provide him with such a test as opposed to handling the situation as they did with a medical quarantine.

As for the alleged lack of exercise, that can rise to the level of a constitutional violation where exercise opportunities are such that "muscles are allowed to atrophy" and "the health of the individual is threatened." French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985). However, temporary restrictions do not generally violate the Constitution. Makupson v. Powers, Civil Action No. 9:08-cv-983-RBH-BM, 2009 WL 1748712, at *9 (D.S.C. June 18, 2009) (unpublished). Given the reasons for the quarantine, its temporary nature, and the fact

4

that Plaintiff was not denied all exercise opportunities even during the quarantine period, the Complaint does not allege facts sufficient to establish a violation of his federal constitutional rights. Similarly, Plaintiff complains about a lack of clippers, hot water to make noodles, and a replacement blanket. Although he did not find these conditions to be ideal or pleasant, they also did not deprive him of basic human necessities. In the end, the Complaints contain no facts demonstrating that Plaintiff was denied any basic human need during his quarantine period.

Finally, as to Plaintiff's mental health issues, deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Further, mere disagreement with treatment received is not enough to state a claim for relief. Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975)); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011). Here, the Complaint alleges that Plaintiff needed mental health services and notified Jail staff of that need. He then received a response that included new and increased medication. In the end, the Complaint does not state any claim for a denial of constitutionally mandated medical treatment and it should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

5

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $13.33. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $13.33.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of September of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 12th day of August, 2021.

_____
Joe L. Webster
United States Magistrate Judge